**AMERICAN ORTHODONTICS CORP., Plaintiff,**

v.

**AMERICAN HOSPITAL SUPPLY CORP., Defendant.**

No. 80 C 2536.

United States District Court,
N. D. Illinois, E. D.

July 21, 1981.

Lloyd L. Zickert, Robert L. Lindgren, Lindgren & Zickert, P.C., Chicago, Ill., for plaintiff.

John W. Chestnut, Tilton, Fallon, Lungmus & Chestnut, Chicago, Ill., for defendant.

## DECISION AND ORDER

McMILLEN, District Judge.

Following the taking of evidence on plaintiff's motion for preliminary injunction, it has filed a revised proposed findings of fact and conclusions of law, to which defendant filed certain objections on June 19, 1981. Out of the blizzard of pleadings and pretrial documents filed by the parties in this case, the court has not found a motion for preliminary injunction, nor is one entered on the docket sheet. Therefore, we base this decision on the pleadings and pretrial compliances filed by the parties and on the plaintiff's proposed findings, conclusions, and preliminary injunction order.

At the center of this controversy is the fact that defendant on March 19, 1980 changed the name of one of its divisions from Ormco Corporation to American Ormco (Stipulation par. 5). Defendant acquired this corporation in 1977, and the name Ormco Corporation had been used by defendant's predecessor since at least 1968 in marketing orthodontic products throughout the United States.

Plaintiff has been in this line of business under its current name since 1968 and, by the time defendant began marketing under the name of American Ormco, plaintiff had built up a nationwide business of selling orthodontic products. It filed this lawsuit timely, shortly after it learned that defendant changed the name of its division to American Ormco. In its amended complaint, filed on April 2, 1981, plaintiff alleges in eight different counts based on eight theories of law that defendant is violating its rights to the trade names and trademarks American Orthodontics and American. It seeks the same type of relief for all eight claims, specifically that defendant be enjoined from using the trade name American Ormco or any confusingly similar designation to market orthodontic products. Defendant filed an answer to the amended complaint on April 21, 1981, admitting most of the plaintiff's factual allegations but denying that it has infringed any of plaintiff's rights. The parties also filed a stipulation of uncontested facts on April 16, 1981. All of these pleadings and pretrial compliances had been filed prior to the hearing of evidence on April 22, 23 and 24, 1981.

Therefore, defendant was not taken by surprise even if a written motion for preliminary injunction may not actually have been filed by the plaintiff. The issue is whether defendant can continue to use the name American Ormco or any similar name which might be confused by the trade with

plaintiff's corporate name, American Orthodontics Corp. We find and conclude that plaintiff is entitled to a preliminary injunction, having met the burdens imposed upon it by such cases as *Helene Curtiss Industries, Inc. v. Church and Dwight Co.*, 560 F.2d 1325 (7th Cir. 1977).

As defendant's counsel has pointed out, the entry of a preliminary injunction on behalf of plaintiff in this case is tantamount to the entry of a permanent injunction based upon the issues made by the pleadings, and the court is of the opinion that very little if any additional evidence could be adduced on a full hearing on the issue of injunctive relief, in view of the extensive discovery and other pretrial preparation which has been engaged in by both sides. We do not intend by the foregoing to deprive either party of a trial on the issues made by the amended complaint and answer thereto, however.

■ We find and conclude that defendant's adoption and use of the name American Ormco is likely to cause confusion among the purchasers and prospective purchases of American Orthodontic Corporation's products and has resulted in some actual confusion in the trade. This constitutes a violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). We base this conclusion upon the following facts which have been proved by the weight of the evidence or have been admitted by the defendant:

As indicated above, plaintiff began marketing orthodontic products at the outset of its business operations in 1968. During that period of time, it used its corporate name as a trade name, both in advertising and on its products, usually dropping the word Corporation and frequently using merely the name "American" for convenience and identification of its products. Therefore, the names "American Orthodontics" and "American" had acquired a secondary meaning as trade names among dentists and persons making purchases for dentists before the defendant decided to adopt the name American Ormco.

■ Defendant did not adopt this name for the purpose of taking advantage of plaintiff's good will or with the intent of confusing the trade but did so in order to identify the name of its former subsidiary and current division with the name of the parent corporation, American Hospital Supply Corporation. Before defendant had acquired Ormco Corporation, it had affixed the name "American" to various of its other products and divisions, for example selling cabinets under the name American Hamilton and selling dental handpieces under the name American Midwest. For reasons of symmetry and to take advantage of the well-known name of the defendant corporation, it adopted a company-wide program of identifying most if not all of its products by adding the word "American." Judge McGarr in fact entered a temporary restraining order on March 23, 1980 prohibiting defendant from using the name "American" alone and separate from the name American Ormco. The evidence shows that the word "American" has acquired a distinctive meaning when used by plaintiff to identify its products. cf. *American Optical Corp. v. North American Optical*, 489 F.Supp. 443 (N.D.N.Y.1979).

When the defendant was considering adopting the new designation for products of its Ormco division in 1979, the president of this division advised one of the executive vice presidents of the defendant that this change could cause confusion with the plaintiff's products (Plaintiff's Ex. 21). Nevertheless defendant went ahead with the change, even though it knew that plaintiff was one of its active competitors. Plaintiff had not filed a trademark application at that time but did register its name with the United States Patent and Trademark Office on June 2, 1981 (Plaintiff Ex. 140).

One of defendant's witnesses also testified that the word Ormco is partly a contraction of the word orthodontics, although of course other words are also included in the contraction and defendant did not create it. The similarity of the first two letters of defendant's contrived word and the descriptive word "orthodontic" is therefore

an intentional and successful attempt to identify the defendant's division's name with the product. Plaintiff does not complain about this, but persons who are buying products in the orthodontic trade are quite likely to confuse the words Ormco and Orthodontics, since they describe the same products. The confusion is compounded when preceded by the word American.

■ The evidence also shows a certain amount of confusion on the part of dentists and persons responsible for their purchases. This is evidenced by the testimony of Merkel, Nickel, and Gannon and by the various exhibits which were received in evidence (e.g. plaintiff's Exs. 31 to 33, 56 to 66). We consider these statements to be exceptions to the hearsay rule pursuant to Federal Rules of Evidence 803(1) and (3).

■ We do not find that the evidence of some actual confusion between plaintiff's name and defendant's trade name is sufficient to prove general confusion in the trade. Experienced or sophisticated purchasers should be able to distinguish between the name American Ormco and American Orthodontics. However, the evidence of actual confusion tends to satisfy the Lanham Act's requirement of likelihood of confusion, as does the similarity of the two names. *Tisch Hotels, Inc. v. Americana Inn, Inc.*, 350 F.2d 609 (7th Cir. 1965).

The foregoing three witnesses and documents establish also that plaintiff has used the single word "American" in connection with its products, to such an extent that this word by itself has acquired a secondary meaning. For this additional reason, confusion is likely to occur by virtue of defendant's adoption of its trade name American Ormco and use of the shortened designation "American." Plaintiff's wares have generally been referred to as "Ormco," prior to its name change. These shortened designations did not cause confusion in our opinion whereas the new and shortened designations do.

■ The temporary restraining order entered by Judge McGarr is adopted by us as an alternative form of relief in the event a higher court should disagree with our findings and conclusion that plaintiff should have exclusive use of the word American in connection with its products. However, defendant is justified in using the name which was always used by it and its predecessors to identify its orthodontics products prior to March 1980, specifically the word Ormco, in addition to any other words it chooses in combination with it, except the word American.

■ Ample authority exists in this circuit as well as in other circuits for the entry of a preliminary injunction under these circumstances. *Ideal Industries, Inc. v. Gardner Bender, Inc.*, 612 F.2d 1018 (7th Cir. 1979); *Union Carbide Corp. v. Ever-Ready, Inc.*, 531 F.2d 366 (7th Cir. 1976). Plaintiff's case is strengthened, in our opinion, because of its relatively long use of its trade name, in the face of which defendant knowingly adopted a name which at least one of its officers recognized was likely to cause confusion. Defendant's desire to identify all of its products with its well-known corporate name is not a defense when plaintiff had already appropriated a similar name to its products and had occupied the field by extensive advertising and sales.

This fact also tilts the balance of hardships in favor of plaintiff. It is a relatively small business competing with one of the giants in the industry, and the courts have often held that § 43 of the Lanham Act should be liberally construed in order to, *inter alia*, promote competition. *See American Optical Corp. v. North American Optical, supra* p. 249. In view of the disparity between the strength of the parties in this case and the tenuous nature of plaintiff's interests, we find and conclude that plaintiff could be irreparably harmed if an injunction is not issued.

Defendant, however, has been using its corporate name for identification of its divisions and their products for many years. This name itself has acquired secondary meaning in the trade, including orthodontists. Defendant has the right to continue to use its corporate name to further identify the Ormco line of products by advertis-

ing and marking goods as those of the Ormco Division of American Hospital Supply Corporation, for example.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that defendant cease using the name "American Ormco" and the word "American" in advertising, identifying, marketing or otherwise selling or promoting the sale of its orthodontic products until further order of court, except that defendant can identify its Ormco division and its products as part of American Hospital Supply Corporation.

If the parties do not agree that the foregoing can constitute a permanent injunction, then it is conditioned upon plaintiff posting a secured bond to protect defendant against the improvident issuance of this injunction in an amount either to be agreed upon between the parties or fixed by the court.